IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, STATE OF FLORIDA
CIVIL DIVISION

PAMELA A. OLSON and
STEVEN B. OLSON,

Plaintiffs,                                        CASE NO.: 12-CA-003700

-vs-

GREEN TREE SERVICING LLC,

Defendant.
_____/

## SECOND AMENDED COMPLAINT

The Plaintiffs, PAMELA A. OLSON and STEVEN B. OLSON, by and through the undersigned counsel, sues the Defendant, GREEN TREE SERVICING LLC, and in support thereof respectfully alleges the following:

## JURISDICTION AND VENUE

1. This is an action for damages exceeding Fifteen Thousand Dollars ($15,000.00) exclusive of attorney fees and costs.

2. Jurisdiction and venue for purposes of this action are appropriate and conferred by Florida Statutes.

3. The alleged violations described in the Complaint occurred in Lee County, Florida.

## FACTS COMMON TO ALL COUNTS

4. Plaintiffs are debtors and/or alleged debtors pursuant to Florida Statue 559.55(2) and at all times material hereto resided in Lee County, Florida.

5. Defendant is a corporate entity responsible for attempting to collect a consumer debt from Plaintiff and is transacting business in the State of Florida.

1



6. Defendant consents of and has knowledge and control of the collection activities of their agents and representatives, including supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors for an alleged debt of a mortgage held by William A. Gall and Betty J. Gall, Account Number ending in 95088, in the approximate amount of $52,031.62 (the subject "debt").

7. Plaintiff, Pamela A. Olson's parents, William A. Gall and Betty J. Gall, were the holders of the subject debt until William A. Gall passed away in 2008 and Betty J. Gall was admitted to a nursing facility in August, 2012 suffering from dementia and unable to care for herself.

8. In an attempt to collect the subject debt from Plaintiffs, Defendant intentionally harassed and abused the Plaintiffs on numerous occasions by their agents and representatives calling three to four times during one day and on back to back days from September, 2012 through November, 2012 with such frequency as can reasonably be expected to harass.

9. In an attempt to collect the subject debt from Plaintiffs Defendant intentionally and willfully harassed and abused Plaintiffs by their agents and representatives, "Alonzo" and "Alisha" calling Plaintiffs' cellular phones and Plaintiff, Pamela A. Olson's work phone, including but not limited to October 15, 2012 at 4:48 pm, October 18, 2012 at 2:26 pm, October 23, 2012 at 10:43 am and 10:45 am, October 27, 2012 at 9:48 am, October 31, 2012 at 2:32 pm and 2:30 pm, November 5, 2012 at 5:19 pm and 5:20 pm, November 6, 2012 at 11:32 am and 11:33 am, November 8, 2012 at 1:28 pm and 1:30 pm, November 9, 2012 at 1:05 pm, November 10, 2012 at 9:11 am, 9:12 am and 10:51 am, November 12, 2012 at 6:35 pm,, November 14, 2012 at 2: 13 pm and 2:15 pm, November 16, 2012 at 11:00 am., and multiple additional times through (at least) January 21, 2013. Defendant has, or should be in possession and/or control of call logs, "Collection Comment Lists," and/or account notes that detail the exact number of calls

made to Plaintiff over the relevant time period. Each call made by Defendant to Plaintiffs was done in an effort to collect the subject debt from Plaintiffs.

10. Each time either of the Plaintiffs spoke to Defendant's agents, Plaintiffs informed Defendant's agents and representatives that Mr. Gall was deceased and that Mrs. Gall was in a nursing home suffering from dementia. Despite being informed of those facts, Defendant's agents and representatives continued to call Plaintiffs telling them it was "imperative" and/or "urgent" and/or in Plaintiffs "best interest" for them to return the calls.

11. Upon returning a call Plaintiff, Pamela A. Olson, was told by Defendant's representative, falsely, that her name was on the account. Plaintiff informed Defendant's representative that she never had an account with Defendant and was not responsible for paying her mother's mortgage and that her mother was unable to pay due to her being impaired and living in a nursing home.

12. On December 14, 2012, Defendant contacted Plaintiff, Stephen Olson, and was advised by Mr. Olson to stop calling, that he wants "no more calls," and that he was represented by legal counsel. Despite that notification, Defendant continued to calls Plaintiffs in an attempt to collect the subject debt.

13. On December 26, 2012, Defendant contacted Plaintiff, Pamela Olson, and was advised by Mrs. Olson that Defendant's calls were upsetting, to stop calling Mrs. Olson at her place of employment, that Plaintiffs were represented by legal counsel, and that the name of her legal counsel was "Morgan & Morgan." Despite these notifications to Defendant, Defendant continued to call Plaintiffs in an attempt to collect the subject debt.

14. Defendant contacted and/or communicated with Plaintiffs on December 15, 2012, December 17, 2012, December 20, 2012, December 26, 2012, December 28, 2012 and January 2, 2013, January 18, 2013, January 18, 2013 and January 21, 2013, after Defendant knew Plaintiffs

were represented by undersigned counsel; leaving messages on Plaintiff's answering machines on January 2, 2013 and January 21, 2013.

15. Plaintiff's legal counsel never consented to direct communications from Defendant to Plaintiffs.

16. Defendant never made any effort to contact Plaintiff's legal counsel, so as to give Plaintiffs' legal counsel an opportunity to respond to any communication from Defendant.

17. Due to the Defendant's constant calls and demands for payment on Mrs. Olson's mother's account, Plaintiffs suffered actual damages in the form of, emotional distress, anxiety, fear, worry, embarrassment and mental suffering, pain and anguish and loss of the capacity to enjoy life.

18. Plaintiffs' actual and statutory damages pursuant to Florida Statutes including § 559.77 have continued and are continuing as of the filing of this complaint.

19. All conditions precedent to the filing of this action have occurred.

## COUNT I
### (Violation of the Florida Consumer Collection Practices Act "FCCPA")

Plaintiffs re-allege paragraphs 1 through 19 above and further states:

20. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

21. Defendant has violated Florida Statute §559.72(7) by willfully communicating with Plaintiffs, as alleged debtors, with such frequency as can reasonably be expected to harass the debtor.

22. Defendant has violated Florida Statute §559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse the Plaintiffs, as alleged debtors.

4

23. Defendant has violated Florida Statute §559.72(9) by claiming, attempting, or threatening to enforce a debt, as to Plaintiffs as alleged debtors, when such person knows that the debt is not legitimate or asserts the existence of some other legal right when such person knows that the right does not exist.

24. Defendant has violated Florida Statute §559.72(18) by communicating with the Plaintiffs, as alleged debtors, when Defendant knew that the Plaintiffs were represented by an attorney with respect to such debt and has knowledge of, or could have readily ascertained, such attorney's name and address.

25. Defendant's actions have directly and proximately resulted in Plaintiffs prior and continuous sustaining of damages as described by Florida Statute §559.77.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, actual damages for emotional and mental pain and suffering, fear, humiliation, embarrassment, frustration and loss of capacity for the enjoyment of life, costs, interest, attorney's fees, and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the Fair Debt Collection Practices Act "FDCPA")

Plaintiff re-alleges paragraphs 1- 25 above and further states:

26. The foregoing acts and omissions of the Defendant, GREEN TREE SERVICING, LLC, and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, the following provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiffs:

(a) The Defendant violated 15 U.S.C. § 1692 (d) by using conduct the natural consequence of which is to harass, oppress, or abuse any person;

(b) The Defendant violated 15 U.S.C. § 1692(d)(5) by causing Plaintiffs' phone to ring repeatedly.

WHEREFORE, Plaintiffs respectfully demand a trial by jury on all issues so triable and judgment against Defendant for statutory damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by email this __ day of June, 2013 to: Eric S. Adams, Esq., and Janelle A. Weber, Esq., Shutts & Bowen LLP, 4301 W. Boy Scout Blvd., Suite 300, Tampa, FL 33607;eadams@shutts.com;jweber@shutts.com;thamric@shutts.com;shatfield@shutts.com.

_____
Michael J. Vitoria, Esquire
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
MVitoria@ForThePeople.com
afloyd@forthepeople.com
Florida Bar #: 0135534
Attorney for Plaintiff